8177
#4
IFP Pending

United States District Court
For the
Western District of Pennsylvania

2:23-cv-1949



NOV 1 3 2023

CLERK, U.S. DISTRICT COURT
FOR THE WESTERN DISTRICT
OF PENNSYLVANIA

| | | |
|---|---|---|
| Beckie Boffoli | ) | Allegheny County, Pennsylvania |
| Petitioner | | Orphans Court |
| | ) | CP-02-AP-0000273-2021 |
| | | CP-02-AP-0000274-2021 |
| v. | | |
| | ) | Concerning Superior Court |
| | | Case: No: 1405 WDA 2022 |
| Children & Youth services of | ) | No: 1407 WDA 2022 |
| Western Pennsylvania | | |
| Respondent | ) | Complaint |
| | | ~~Notice of Removal~~ |

Honorable Judge Cozza
CostaR@alleghenycourts.us

Superior Courts of Western
Pennsylvania, Western District
310 Grant St #600
PGH, PA 15219
(412) 565-7594

Kristen Hunsicker
hunsicker@alleghenycounty.us

Beckie Boffoli
2517 Edgar st
PGH, PA 15227
(412) 699-5894

Eli Zlokas
Ezlokas@aol.com

United States District Court

For the

Western District of Pennsylvania

| | | |
|---|---|---|
| Beckie Boffoli | ) | Allegheny County, Pennsylvania |
| Petitioner | | Orphans Court |
| | ) | CP-02-AP-0000273-2021 |
| | | CP-02-AP-0000274-2021 |
| v. | | |
| | ) | Concerning Superior Court |
| | | Case: No: 1405 WDA 2022 |
| Children & Youth services of | ) | No: 1407 WDA 2022 |
| Western Pennsylvania | | |
| Respondent | ) | |

~~Notice of Removal~~ Complaint

Petitioner, Beckie Boffoli respectfully request removal of the state courts due to the Pennsylvania State Courts violating petitioners Federal Constitutional Rights and Federal Laws, denying Petitioner of a fair trial concerning the Termination of her Parental Rights and discriminating against her due to her disability in regard to a fair trial.

The Amendments in question : Fourth Amendment

Fifth Amendment

Sixth Amendment

Seventh Amendment

Ninth Amendment

Tenth Amendment

Fourteenth Amendment

Federal Laws in question:  (ADA) The American with Disabilities Act
(HIPPAA) The Health Insurance Portability & Accountability Act of 1996

This is a civil case not a criminal case, but it concerns criminal matters. The Amendments concerning the criminal matters should still apply to petitioners civil family court cases due to petitioner being treated in a criminal sense concerning her civil family procedures and how the state courts conducted themselves unconstitutionally towards petitioner.

A TPR hearing was held in October of 2022 against the petitioner. Petitioner could only attend via phone due to being exposed to covid. During this proceeding there was testimony against the petitioner from law enforcement that violated the petitioners 5th Amendment and 14th amendment. The 5th amendment breaks down into 5 rights.

- The right to a jury trial when you are charged with a crime
- Protection against self-incrimination
- The right to a fair trial
- The right of protection against double jeopardy
- The right to due process
- The 14th amendment protects against being subjected to criminal charges on the basis of false evidence that was deliberately fabricated

Law enforcement testified against the mother accusing her of crimes she did not commit, and that she was not charged for. What petitioners mean by violating her 5th amendment is that petitioner has been denied her right of innocence when they have no evidence to find petitioner guilty in a criminal court of law. Then testify against petitioner in her civil court case about the same crimes and accusations to persuade the courts to see petitioner guilty for crimes she never committed with the intent to help the state remove petitioner children from her care. This also goes against petitioners 6th, 8th and 14th amendments to petitioners legal basis of "innocent until proven guilty". Law

enforcement are also considered government agents. So making statements of false guilt purposely towards the petitioner is a form of Perjury. (note: The attorney that was assigned to the petitioner did not have knowledge on criminal law causing inadequate representation concerning the criminal argument of the civil circumstance.) There was also testimony against the petitioner on criminal charges that had been dismissed against the petitioner. However the testimony of the opposing party made accusations towards petitioner in the sense of "double jeopardy" making statements that petitioner was still guilty of the crimes petitioner was charged with and found to be not guilty by dismissal doesn't mean the petitioner is innocent. (Note: attorney that represented petitioner barely made any objections on the account of petitioner's amendments, the prejudice rule 403. The petitioner was denied adequate representation. When the petitioner made the argument of the inadequate representation during her TPR hearing. petitioner was denied a replaced attorney)

Another example of the state courts conducting an unfair trial against petitioner's constitutional right to her due process is the negligent misrepresentation and perjury conducted by government officials against petitioner during trial. An employee of children and youth services who conducted supervised visits with the petitioner, claimed that she would testify on petitioners behalf. This employee was interviewed by the petitioner's attorney a few days before trial. This government employee made clear statements to the petitioner's attorney that they were ready to testify on behalf of petitioner. When this government employee was called to testify this employee immediately started to degrade the petitioner, make false statements knowingly and discriminated in their testimony against the petitioner. Negligent misrepresentation in the state of PA requires proof of:

- A misrepresentation of a material fact
- Made under circumstances in which the misrepresentation ought to have known of its falsity
- With intent to induce another to act on it
- Which results in injury to a party acting in justifiable reliance on the representation

How to prove misrepresentation:

- A representation was made
- The representation was false
- The defendant knew at the time that the representation was false, or recklessly made the statement without knowledge of the truth
- The representation was made with the intent that the plaintiff would rely on it

So in this instance a false representation was purposely made against the petitioner who was relying on the testimony on petitioners behalf and also which results in injury to a party acting in justifiable reliance on the representation. The false representation was administered by an individual who would be considered a government employee so the laws of perjury should have been applied. The state courts continued to allow this employee to be questioned by the opposing party in which there was obvious prejudice against the petitioner (note: petitioners attorney was taken back by the sudden misrepresentation but did not object to the misrepresentation and made statements that she had no knowledge on how to do so).

     Another example of the states conducting unfair trials against the petitioner is the state courts have erred in admitting Dr. Pepe's report without testimony or confirmation by Dr. Pepe, and then presumably relied on it when issuing its order and findings. The evaluation conducted by Dr.Pepe is inaccurate and the diagnosis the evaluator gives is entirely false. Petitioner has been denied the right to show direct evidence in petitioners' defense. Direct Evidence requires no inference and directly proves the facts that are being investigated. The evidence alone is the proof. Petitioner has direct evidence of professional testimony from trauma therapists and other evidence such as neuro-physiological evaluations, physiatric evaluations that completely disprove the evaluation ordered by the state court from Dr.Pepe. The state courts failed to grant petitioners request to present additional evidence on Nov 1st 2022. Dr.Pepes evaluation completely breaks down petitioners character and diagnosis in a false representation of petitioners mental health. Dr. Pepe the evaluator herself also was dishonest with the petitioner when conducting herself with petitioner while conducting the evaluation on petitioner. This can be considered a violation of petitioners 14th amendment by the state

courts in accordance that all are created equal, that are endowed by their Creator with certain unalienable Rights, that among these are Life, Liberty and the pursuit of Happiness. Dr. Pepes evaluation is being considered as facts without any evidence being allowed to dispute this evaluation. As a result petitioner Life. Liberty and Pursuit of happiness has been demoralized. This evaluation can be used against petitioner for any of petitioners pursuit for career purposes in the future, having rights to any future grandchildren, right to petitioners 2nd amendment and ultimately ended any rights she may of had towards her children considering the fact that the state courts are using this evaluation has primary reasoning concerning evidence to have terminated petitioners rights to her children. The state courts have also violated petitioners constitutional rights to privacy and HIPPA LAW. HIPPA LAW:

- The Health Insurance Portability and Accountability Act of 1996 is a federal law that requires the creation of national standards to protect sensitive patient information from being disclosed without the patient's consent or knowledge.
- Requires all health care records and other individually identifiable health information (protected health information) used or disclosed in any form, whether electronically, on paper, or orally, be kept confidential

Also the state courts have violated petitioners constitutional rights to privacy concerning public disclosure of petitioners private family situation. The state courts have filed their final opinion in superior court concerning case 1355 WDA 2022 which has been consolidated with the cases of 1405 WDA 2022 and 1407 WDA 2022, for public use. Petitioner filed a request in superior court for all documentation concerning her family court cases be sealed on March 22, 2023. The request was granted on March 31, 2023. However the Superior courts prothonotary refused to follow the order. Petitioners' mental health and the evaluation is described in the superior courts final opinion on case 1355 WDA 2022 in which has been made for public display . This is in direct violation to petitioners constitutional rights concerning HIPPA LAW and petitioners 9th amendment to keep petitioners personal matters private. Petitioner filed a complaint on

this matter with an emergency petition, however the state courts have not responded as of yet, and petitioner's private family situation and private health information is being displayed for public use. This also is in violation on petitioners 14th amendment for the pursuit of happiness, liberty etc in the sense that now all of these false misrepresentation of the petitioners mental health and family situation is displayed for public use causing conflict with petitioners reputation to be able to pursue certain career opportunities, Job opportunities, personal relationships and family obligations.

    The state courts also considerably violated petitioners constitutional rights concerning case 1355 WDA 2022 showing prejudice, under the prejudice laws, against petitioner. Since 1405 WDA 2022 and 1407 WDA 2022 have been consolidated with 1355 WDA 2022, petitioner is going to reference the case 1355 WDA 2022 with examples on how further the state courts have violated the petitioner's constitutional rights. During the trial concerning 1355 WDA 2022 petitioner potential witness for petitioners regard, Richard Sikora Jr, petitioner's eldest son agreed to testify on petitioners behalf. When this potential witness was called to testify he requested that for his comfort that the petitioner step out of the courtroom. Petitioner trusted this witness. Petitioner had reviewed with this witness and what his testimony would consist of. This is another example of negligent misrepresentation and a direct violation of petitioners 4th amendment, 14th amendment. 4th Amendment:

- Rights against unreasonable search and seizure
- Third-party doctrine
- The Changing nature of search warrant requirements for cell phone records
- Privacy violations include gathering information on individuals engaging in constitutionally protected activities, improperly accessing or sharing a subjects information, or sharing a subjects record without valid law enforcement purposes (such as due process & proper warrant process to obtain information from

- someone else's private property and use against this person in court. If its allowed to be submitted it needs due process to even be considered.
- 14th Amendment: Due process clause, prevents state governments, courts from infringing on the right to privacy.

Petitioner's witness Richard Sikora Jr testified against petitioner without her knowledge making false statements towards her person and mental health. The witness showed negligent misrepresentation while petitioner had stepped out of the courtroom with the direct indication that this witness would testify on her behalf. Witness is not a professional concerning any of petitioners mental health or has the appropriate educational degree or knowledge to even testify on petitioners present state of mental health. The courts did not inform petitioner that there was testimony being accused against her violating petitioner's 6th amendment on having the right to confront this false testimony against her. Witness had also stolen petitioners' phones and used it as evidence against her without her consent or knowledge violating petitioners 4th and 14th amendments. The state courts did not inform petitioner that this was happening while she was outside the courtroom or when petitioner was called back in the courtroom. Violating the petitioner's 6th amendment. The state courts also considered the petitioners stolen property, her cell phone as consideration for their final Judgments on petitioners family court cases. This shows that the state courts have denied petitioner a fair impartial trial and judgment and have not been able to remain impartial while overseeing the proceedings.

   The petitioner has also been denied a fair trial and her due process under the (ADA) The American with Disabilities Act. Petitioner has several mental health disabilities that have been discriminated against by the state courts. For example; Petitioner has ADHD so a 2 day hearing would not be fair in the sense of the petitioner's disability. Due to petitioner's disabilities petitioner would need special accommodations for the hearing to be conducted fairly and within the constitutional rights of the petitioner's disability. For example instead of all the evidence and information to be

processed within a 2 day period the petitioner would need the hearing to be broken up into more then a 2 day period of time. Due to petitioner's disabilities and recommendations from mental health professionals the hearing would have had to be broken up with more than a 2 day period of time. Petitioner has made the complaint several times to the courts on the inadequate representation she has had concerning her representation during trial. Her complaints have all been waived even in superior court. Petitioner is not a trained attorney and has tried to express her right to a fair and impartial trial in which the state courts have disregarded and have allowed petitioners federal constitutional rights to be continually violated. Petitioner was granted a superior court attorney Hilary A. Bendik who tried her best to represent petitioner and has advised petitioner that there is nothing more she can do. Petitioner is now making her plea to the Federal Courts Requesting removal of her case from the state courts since the state courts continue to violate petitioner's Federal Constitutional rights concerning her children and the termination of her parental rights. Even though the constitutional rights petitioner has purposed as being violated are criminal as well, petitioners constitutional rights should still be upheld concerning her civil family court case.

**Respectfully Submitted**
**Beckie Boffoli**

*Beckie Boffoli*
11-14-23

## **Exhibits**

- **Brief of Appellant**
- **Opinions of the courts concerning cases**
- **Special relief to seal private court documentation**

## United States District Court
## For the
## Western District of Pennsylvania

| | | |
|---|---|---|
| Beckie Boffoli | ) | Allegheny County, Pennsylvania |
| Petitioner | | Orphans Court |
| | ) | CP-02-AP-0000273-2021 |
| | | CP-02-AP-0000274-2021 |
| v. | | |
| | ) | Concerning Superior Court |
| | | Case: No: 1405 WDA 2022 |
| Children & Youth services of | ) | No: 1407 WDA 2022 |
| Western Pennsylvania | | |
| Respondent | ) | |

## Certificate of Service

Honorable Judge Cozza
CostaR@alleghenycourts.us

Superior Courts of Western
Pennsylvania, Western District
310 Grant St #600
PGH, PA 15219
(412) 565-7594

Kristen Hunsicker
hunsicker@alleghenycounty.us

Eli Zlokas
Ezlokas@aol.com