IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BECKIE BOFFOLI, | ) |
| Plaintiff, | ) ) ) ) |
| v. | ) Civil Action No. 23-1949 ) |
| CHILDREN AND YOUTH SERVICES OF WESTERN PENNSYLVANIA | ) ) ) ) |
| Defendant. | ) |

**MEMORANDUM OPINION**

Plaintiff Beckie Boffoli, the biological mother of two children, brings this action against Defendant Children and Youth Services of Western Pennsylvania ("CYS") ostensibly for violations of her civil rights stemming from a state court case in which her parental rights were terminated. Presently before the Court is CYS's Motion to Dismiss for Failure to State a Claim and Lack of Jurisdiction (Docket No. 14), and brief in support thereof (Docket No. 15).[1] For the reasons set forth herein, CYS's Motion to Dismiss will be granted.

**I.    BACKGROUND**

On October 24, 2022, after several years of CYS investigations and interventions, the Court of Common Pleas of Allegheny County involuntarily terminated Boffoli's parental rights over her children A.B. and S.B (collectively, the "children"), pursuant to the Pennsylvania Adoption Act.[2] (Docket Nos. 14-3 at 77–79; 14-4 at 83–86; and 14-9 at 2–4). Boffoli appealed this decision to the Superior Court, raising the following six issues:

---

[1]    Despite requesting an extension to file her response (Docket No. 22), which this court granted (Docket No. 23), Boffoli never filed a response in opposition to CYS's Motion to Dismiss.
[2]    The Court of Common Pleas also involuntarily terminated the parental rights of the father of A.B. and S.B. He is not a party to this suit.

> 1. Did the trial court err in failing to properly advise Mother of her right to counsel and any risks associated with the potential waiver of such right?
>
> 2. Did the trial court err in failing to rule on certain objections made by counsel?
>
> 3. Did the trial court commit an error of law and abuse its discretion by admitting [the] report of Patricia Pepe, Ph.D., Licensed Psychologist[sic], without testimony or confirmation by Dr. Pepe, when it then relied on it heavily when issuing the order and opinion?
>
> 4. Did the trial court commit an error of law when it failed to grant Mother's request for a stay and request to present additional evidence on November 1, 2022?
>
> 5. Did the trial court commit an error of law and abuse its discretion by proceeding with the hearing on the involuntary termination of Mother's parental rights on October 24, 2022, when Mother had filed a [n]otice of [a]ppeal to the Superior Court on October 20, 2022?
>
> 6. Did the trial court commit an error of law and abuse its discretion when it involuntarily terminated Mother's parental rights under 23 Pa.C.S.A. §§ 2511(a)(2), (5), and (8)?

(Docket No. 14-9 at 7). The Superior Court affirmed the decision of the Court of Common Pleas on all issues on September 29, 2023, and on November 18, 2023, the children were adopted by individuals not party to this suit. (Docket Nos. 14-9 at 22; 14-5; and 14-6).

Now, Boffoli brings suit against CYS for "violating petitioner's Federal Constitutional Rights and Federal Laws, denying Petitioner a fair trial concerning the Termination of her Parental Rights and discriminating against her due to her disability in regard to a fair trial." (Docket. No. 10 at 2). Specifically, Boffoli asserts claims arising under the Fourth, Fifth, Sixth, Seventh, Ninth, Tenth, and Fourteenth Amendments, as well as the Americans with Disabilities Act ("ADA") and the Health Insurance Portability & Accountability Act ("HIPAA") of 1996. *Id.* at 2. Boffoli alleges "[l]aw enforcement testified against [her] accusing her of crimes she did not commit, and that she was not charged for" and gave "testimony. . . on criminal charges that had been dismissed." *Id.* at 3–4. Further, Boffoli alleges that a CYS employee who had previously agreed to testify on

her behalf instead falsely "degrade[d]" her and thus committed negligent misrepresentation and perjury. *Id.* at 4.  Similarly, she argues that her older child, who was not the subject of the hearing, asked her to leave the room during his testimony and negligently misrepresented her in her absence. *Id.* at 8. And Boffoli alleges that the Court of Common Pleas should not have allowed the report of "Dr. Pepe" to be introduced "without testimony or confirmation." *Id.* at 5.  Boffoli also asserts a claim under HIPAA because the Court of Common Pleas publicly filed documents related to her case, and as a result the "petitioner's private family situation and private health information is displayed for public use." *Id*. at 6.  Boffoli also attempts to bring a claim under the ADA, arguing that her ADHD prevented her from participating in a two-day trial, and that she instead required extended proceedings. *Id.* at 8–9.  And throughout her Complaint, Boffoli asserts various insufficiencies of her counsel, including counsel's unfamiliarity with criminal law and infrequent objections to evidence presented.[3]

CYS moves to dismiss Boffoli's Complaint in its entirety for failure to state a claim under 12(b)(6) and lack of subject matter jurisdiction under 12(b)(1).  (Docket No. 14).  CYS argues that the Complaint ask this Court to effectively "overturn the termination of parent rights decisions made by the Court of Common Pleas of Allegheny County[] and affirmed on appeal to the Pennsylvania Superior Court in 2023" and "[b]y implication, also see[ks] to overturn the two adoption orders." *Id.* at 1.  Accordingly, CYS argues the case must be dismissed because of the doctrines of *res judicata* and *Rooker-Feldman*; because the CYS is "not a legal entity capable of being sued;" because Boffoli has not stated a *Monell* claim, because she presents no viable

---

[3] As detailed in the Superior Court's Opinion, Boffoli was represented by counsel provided by the Allegheny County Bar Foundation Juvenile Court Project. During the proceedings, Boffoli moved the Court to remove counsel, and counsel requested leave to withdraw.  The court allowed Boffoli to represent herself *pro se* but required counsel to remain as standby counsel. (Docket No. 14-9 at 5).

Constitutional or federal claims, and for mootness because the children have been adopted. *Id.* at 1–2.

## II. STANDARDS OF REVIEW

### A. Federal Rule of Civil Procedure 12(b)(1)

A motion to dismiss for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) challenges the "court's 'very power to hear the case.'" *Petruska v. Gannon Univ.*, 462 F.3d 294, 302 (3d Cir. 2006) (quoting *Mortensen v. First Fed. Sav. and Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977)). There is a crucial difference between a Rule 12(b)(1) motion that attacks a complaint on its face, and a Rule 12(b)(1) motion that attacks the existence of subject matter jurisdiction in fact – apart from any pleadings. *See Mortensen*, 594 F.2d at 891. With a facial attack, a court must consider the allegations of a complaint as true, as with a motion filed pursuant to Federal Rule of Civil Procedure 12(b)(6), discussed *infra*. *See id*. With a factual attack, however, the Court ordinarily is not required to limit its inquiry to the facts as they are pled in the complaint because a presumption of truth is not attached to the plaintiff's allegations, and the plaintiff bears the burden of proving that jurisdiction over the subject matter at issue exists. *See id.*; see also *Brown v. Tucci*, 960 F. Supp. 2d 544, 561 (W.D. Pa. 2013) (citing *Dev. Fin. Corp. v. Alpha Housing & Health Care*, 54 F.3d 156, 158 (3d Cir. 1995)).

### B. Federal Rule of Civil Procedure 12(b)(6)

In considering a Rule 12(b)(6) motion to dismiss, the factual allegations contained in the complaint must be accepted as true and must be construed in the light most favorable to the plaintiff, and the court must "'determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief.'" *Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (quoting *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002)); see *Bell*

*Atlantic Corp. v. Twombly*, 550 U.S. 544, 563 n.8 (2007). While Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," the complaint must "'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Phillips*, 515 F.3d at 231 (quoting *Twombly*, 550 U.S. at 555 (additional internal citation omitted)). Moreover, while "this standard does not require 'detailed factual allegations,'" Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id*. (quoting *Twombly*, 550 U.S. at 555); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). It should be further noted, therefore, that in order to survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). The Supreme Court has noted that a "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556). The standard "'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." *Phillips*, 515 F.3d at 234 (quoting *Twombly*, 550 U.S. at 556). Moreover, the requirement that a court accept as true all factual allegations does not extend to legal conclusions; thus, a court is "'not bound to accept as true a legal conclusion couched as a factual allegation.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555 (internal citation omitted)).

### III. DISCUSSION

CYS moves to dismiss Boffoli's claims by contending, among other things, that the Court's jurisdiction over the claims is barred by the *Rooker-Feldman* doctrine. See *D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fidelity Tr. Co.*, 263 U.S. 413 (1923). The *Rooker-*

*Feldman* doctrine prevents federal district courts from hearing cases brought by unsuccessful state-court litigants that "invit[e] . . . review and rejection" of the state court judgment. *Great W. Mining & Min. Co. v. Fox Rothschild LLP*, 615 F.3d 159, 164 (3d Cir. 2010). As both the Third Circuit and the Supreme Court have explained, however, the *Rooker-Feldman* doctrine has narrow applicability. *See Allen v. DeBello*, 861 F.3d 433, 438 (3d Cir. 2017). "*Rooker-Feldman* does not bar suits that challenge actions or injuries underlying state court decisions—and especially those that predate entry of a state court decision—rather than the decisions themselves." *Id.* Four requirements must be met for *Rooker-Feldman* to prevent a federal district court from exercising jurisdiction over matters that would otherwise be amenable to its jurisdiction: "'(1) the federal plaintiff lost in state court; (2) the plaintiff complains of injuries caused by the state-court judgments; (3) those judgments were rendered before the federal suit was filed; and (4) the plaintiff is inviting the district court to review and reject the state judgments.'" *Id*. (quoting *Great W. Mining*, 615 F.3d at 166 (internal quotation marks and citation omitted)). Here, while Boffoli clearly lost in state court and the order terminating her parental rights was entered before she filed her federal suit, the other two *Rooker-Feldman* factors require further analysis.[4]

In fact, "the two key requirements—that the injury must be caused by the state-court judgment and that the plaintiff must invite review and rejection of that judgment—are closely related." *Great W. Mining*, 615 F.3d at 168. Both requirements concern "whether the plaintiff's claims will require appellate review of state-court decisions by the district court." *Id*. at 169.

---

[4] Boffoli filed her Complaint on November 13, 2023, five days before the children were adopted. However, the judgment at issue here is the parental rights determination by the Court of Common Pleas of Allegheny County, which was affirmed by the Superior Court on September 29, 2023. Plaintiff did not appeal this decision and her record was remitted back to the Superior Court on November 7, 2023 in accordance with Pennsylvania Code after her time to appeal to the PA Supreme Court expired. *See In the Interest of: A.B., a Minor Appeal of: B.B., Mother*, Docket No. 1405 WDA 2022 (Nov. 7, 2023); *In the Interest of: S.B., a Minor Appeal of: B.B., Mother,* Docket No. 1407 WDA 2022 (Nov. 7, 2023); 210 PA. CODE § 2572(a)(2) (2017); 210 PA. CODE § 903(a) (2024). Therefore, Boffoli filed this Complaint after the decision was rendered final in state court.

"Prohibited appellate review 'consists of a review of the proceedings already conducted by the "lower" tribunal to determine whether it reached its result in accordance with law.'" *Id.* (quoting *Bolden v. City of Topeka*, 441 F.3d 1129, 1143 (10th Cir. 2006)). As the Third Circuit further explained:

> It is important to distinguish such appellate review from those cases in which "a party attempts to litigate in federal court a matter previously litigated in state court," *Exxon Mobil [Corp. v. Saudi Basic Indus. Corp*., 544 U.S. 280, 293 (2005)], or in which "the federal plaintiff and the adverse party are simultaneously litigating the same or a similar dispute in state court," *Noel v. Hall*, 341 F.3d 1148, 1163 (9th Cir. 2003) (cited with approval in *Exxon Mobil*). If the matter was previously litigated, there is jurisdiction as long as the "federal plaintiff present[s] some independent claim," even if that claim denies a legal conclusion reached by the state court. *Exxon Mobil*, 544 U.S. at 293 ... (internal quotation marks & citation omitted; alteration in original). When "the second court tries a matter anew and reaches a conclusion contrary to a judgment by the first court, without concerning itself with the bona fides of the prior judgment," the second, or federal, court "is not conducting appellate review, regardless of whether compliance with the second judgment would make it impossible to comply with the first judgment." *Bolden*, 441 F.3d at 1143. In the case of simultaneous litigation, both suits may proceed under the well-established rule allowing parallel state and federal litigation. *Noel*, 341 F.3d at 1163. In neither of these situations, unlike in a suit seeking review of a state-court judgment, "does *Rooker–Feldman* bar subject matter jurisdiction in federal district court, for in neither situation is the federal plaintiff complaining of legal injury caused by a state court judgment because of a legal error committed by the state court." *Id.* at 1164. Instead, "in both situations, the plaintiff is complaining of legal injury caused by the adverse party." *Id.*

*Great W. Mining*, 615 F.3d at 169. In distinguishing between a request for review of a lower court judgment and an independent claim, "[a] useful guidepost is the timing of the injury, that is, whether the injury complained of in federal court existed prior to the state-court proceedings and thus could not have been 'caused by' those proceedings. *Id*. at 167 (citation omitted).

The Third Circuit has consistently held that claims attempting to vacate or relitigate parental rights determinations must be dismissed pursuant to *Rooker-Feldman*. *See Santos v. Sec'y of D.H.S., 532 F. App'x 29, 32 (3d Cir. 2013)* ("…[T]o the extent that [plaintiff] seeks an order granting him custody of his children and reinstating his parental rights, the District Court properly

7

dismissed the complaint pursuant to the *Rooker–Feldman* doctrine."); *See also Bass v. New Jersey,* 649 F. App'x 255, 258 (3d Cir. 2016); *Muhammad v. Cappellini,* 477 F. App'x 935, 937 (3d Cir. 2012). By contrast, courts have also identified claims for injuries that are independent of the state court's final determination of parental rights and therefore are not barred by *Rooker-Feldman*. For example, in *Muhammad v. Cappellini*, the Third Circuit affirmed a District Court decision that barred the plaintiffs claim to "vacate the state-court decisions regarding . . . parental rights" but differentiated Plaintiff's §1983 claim for damages against the local child services agency and his claim that the agency and his lawyer conspired against him.[5] 477 F. App'x at 937. Courts have also held that allegations of conspiracy to deprive someone of rights may not be barred by *Rooker-Feldman. See Calipo v. Erie Cnty. Office of Child. & Youth Serv.,* 786 F. App'x 329, 332 (3d Cir. 329) ("Calipo's complaint can be liberally construed to allege, *inter alia*, that certain actors conspired to deprive her of due process by submitting fraudulent or misleading evidence and by failing to allow her to participate in the hearing process. The *Rooker-Feldman* doctrine does not bar those claims, as the alleged injuries do not flow from the state-court's judgment"); *see also Muhammad,* 477 F. App'x at 938. And, this court has held that a case was not barred by *Rooker-Feldman* where the plaintiff sought damages for violations of her civil rights after the county-defendant failed to notify her that her parental rights adjudication was taking place. *Metzger v. Allegheny County*, No. 20-73, 2021 WL 2865446, at *5 (Jul. 8, 2021). However, in *Khalil v. New Jersey Div. of Child Prot. and Permanency*, the Third Circuit held that an allegation that a witness had falsely represented relevant facts was not independent of the state court's decision and was in fact barred by *Rooker-Feldman*, distinguishing it from other cases where there was an allegation

---

[5] While the District Court did hold that the conspiracy and §1983 claims were not barred by *Rooker-Feldman*, it did require the pleading to have more particularity and granted him leave to amend his complaint to do so. *Muhammed*, 477 F. App'x 935 at 937.

of conspiracy prior to the adjudication. 594 F. App'x 88, 90–91 (3d Cir. 2015). And where a plaintiff has not clearly stated a claim for relief, the court has construed a claim as one for a reinstatement of parental rights, even if the custodial parents were named in the suit. *Singleton v. Collin*, 513 F. App'x. 251 (3d Cir. 2013)

Here, Boffoli's claims are barred by *Rooker-Feldman*. She does ostensibly allege multiple violations of the Constitution and Federal statutes that occurred during her parental rights proceedings. However, the Complaint is full of language that leads this Court to believe she raises these purported violations in an attempt to reverse the state court parental rights determination, not to seek independent relief for violations of constitutional and statutory rights. She twice requests "removal of her case from the state courts since the state courts continue to violate petitioner's Federal Constitutional rights." (Docket No. 1-1 at 9; *See also* Docket No. 1-1 at 2). She refers to herself throughout the Complaint as "petitioner." (Docket No. 1-1 at 1–9). While "*[p]ro se* pleadings are often submitted by individuals with limited skills and technical expertise in the law," Boffoli's use of appeal language and the fact that she did not request any alternative relief indicates that she seeks impermissible review of the state court determination. *Higgs v. Att'y Gen. of the U.S.*, 655 F.3d 333, 340 (3d Cir. 2011). Unlike in *Muhammed*, she does not seek damages for any of the causes of action she has raised. Nor does she allege a conspiracy, like the Third Circuit held to be independent claims in *Calipo*. Accordingly, this Court views Bofffoli's claims, as currently pled, as seeking direct review of the state court decision terminating her parental rights. Such claims are barred by *Rooker-Feldman* and must be dismissed for lack of subject matter jurisdiction.

## **CONCLUSION**

Plaintiff's Complaint will be dismissed in its entirety without prejudice to amendment. An appropriate Order follows.

                                      <u>s/ W. Scott Hardy</u>
                                      W. Scott Hardy
                                      United States District Judge

Dated: October 28, 2025

cc/ecf:  All counsel of record

       Beckie Boffoli (via U.S. Mail)