**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| BECKIE BOFFOLI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 23-1949 |
| | ) | |
| CHILDREN AND YOUTH SERVICES OF WESTERN PENNSYLVANIA | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION**

Plaintiff Beckie Boffoli ("Boffoli"), the biological mother of two children, brings this action against Defendant Children and Youth Services of Western Pennsylvania ("CYS") ostensibly for violations of her civil rights stemming from a state court case in which her parental rights were terminated. On October 28, 2025, this Court granted CYS's Motion to Dismiss (Docket No. 14) pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure without prejudice to amendment. (Docket No. 27). On February 11, 2026, Boffoli filed an Amended Complaint against CYS. (Docket No. 40). On February 26, 2026, CYS filed a Motion to Dismiss Boffoli's Amended Complaint (Docket No. 42), on August 24, 2026, Boffoli filed a brief in opposition to CYS's Motion to Dismiss (Docket No. 46), and on September 2, 2026, CYS filed a brief in reply to Boffoli's opposition brief (Docket No. 48). The matter is now ripe for resolution.

## I. BACKGROUND

On October 24, 2022, after several years of CYS investigations and interventions, the Court of Common Pleas of Allegheny County terminated Boffoli's parental rights over her children A.B. and S.B. (collectively, the "children"), involuntarily and pursuant to the

Pennsylvania Adoption Act. (Docket Nos. 14-3 at 77–79; 14-4 at 83–86; 14-9 at 2–4). Boffoli appealed this decision to the Pennsylvania Superior Court, raising the following six issues:

> 1. Did the trial court err in failing to properly advise Mother of her right to counsel and any risks associated with the potential waiver of such right?
>
> 2. Did the trial court err in failing to rule on certain objections made by counsel?
>
> 3. Did the trial court commit an error of law and abuse its discretion by admitting [the] report of Patricia Pepe, Ph.D., Licensed Psychologist[sic], without testimony or confirmation by Dr. Pepe, when it then relied on it heavily when issuing the order and opinion?
>
> 4. Did the trial court commit an error of law when it failed to grant Mother's request for a stay and request to present additional evidence on November 1, 2022?
>
> 5. Did the trial court commit an error of law and abuse its discretion by proceeding with the hearing on the involuntary termination of Mother's parental rights on October 24, 2022, when Mother had filed a [n]otice of [a]ppeal to the Superior Court on October 20, 2022?
>
> 6. Did the trial court commit an error of law and abuse its discretion when it involuntarily terminated Mother's parental rights under 23 Pa.C.S.A. §§ 2511(a)(2), (5), and (8)?

(Docket No. 14-9 at 7). On September 29, 2023, the Superior Court affirmed the decision of the Court of Common Pleas on all issues, and on November 18, 2023, the children were adopted by individuals not parties to this suit. (Docket Nos. 14-9 at 22; 14-5; 14-6).

On January 3, 2025, Boffoli brought a suit against CYS for "violating petitioner's Federal Constitutional Rights and Federal Laws, denying Petitioner a fair trial concerning the Termination of her Parental Rights and discriminating against her due to her disability in regard to a fair trial." (Docket No. 10 at 2). Boffoli, in her original Complaint, asserted claims arising under the Fourth, Fifth, Sixth, Seventh, Ninth, Tenth, and Fourteenth Amendments, as well as the Americans with Disabilities Act ("ADA") and the Health Insurance Portability & Accountability Act ("HIPAA") of 1996. *Id.* Boffoli alleged "[l]aw enforcement testified against [her] accusing her of crimes she

did not commit, and that she was not charged for" and gave "testimony. . . on criminal charges that had been dismissed." *Id.* at 3–4. Further, Boffoli alleged that a CYS employee who had previously agreed to testify on her behalf instead falsely "degrade[d]" her while giving testimony and thus committed negligent misrepresentation and perjury. *Id.* at 4. She also argued that her older child, who was not the subject of the hearing, asked her to leave the room during his testimony and negligently misrepresented her in her absence. *Id.* at 8. And Boffoli alleges that the Court of Common Pleas should not have allowed the report of "Dr. Pepe" to be introduced "without testimony or confirmation." *Id.* at 5. Boffoli also asserts a claim under HIPAA because the Court of Common Pleas publicly filed documents related to her case, and as a result the "petitioner's private family situation and private health information is displayed for public use." *Id.* at 6. Additionally, Boffoli attempted to bring a claim under the ADA, arguing that her ADHD prevented her from participating in a two-day trial, and that she instead required extended proceedings. *Id.* at 8–9. Finally, throughout her Complaint, Boffoli asserted various insufficiencies of her counsel, including counsel's unfamiliarity with criminal law and infrequent objections to evidence presented.

CYS moved to dismiss Boffoli's Complaint (Docket No. 14) in its entirety for failure to state a claim under Rule 12(b)(6) and for lack of subject matter jurisdiction under Rule 12(b)(1). *Id.* at 6. CYS argued that the Complaint asked the Court to effectively "overturn the termination of parent rights decisions made by the Court of Common Pleas of Allegheny County[] and affirmed on appeal to the Pennsylvania Superior Court in 2023" and "[b]y implication, also see[ks] to overturn the two adoption orders." *Id.* at 1. Accordingly, CYS argued the case must be dismissed because of the doctrines of *res judicata* and *Rooker-Feldman*; because CYS is "not a legal entity capable of being sued"; because Boffoli has not stated a *Monell* claim; because she presented no

viable Constitutional or federal claims; and for mootness because the children have been adopted. *Id.* at 1–2.

On October 28, 2025, in its Memorandum Opinion and Order (Docket Nos. 25, 26) granting CYS's Motion to Dismiss, the Court agreed with CYS. In so ruling, the Court found that Boffoli's claims were barred by *Rooker-Feldman* because her claims, as then pled, were "an attempt to reverse the state court parental rights determination, not to seek independent relief for violations of constitutional and statutory rights." (Docket No. 26 at 9). Accordingly, the Court found that her claims had to be dismissed under Rule 12(b)(1) for lack of subject matter jurisdiction, without prejudice and with leave to amend. *Id.* Among other things, the Court's Opinion noted that if Boffoli were to seek alternative relief rather than an "impermissible review of the state court determination," then she may be able to state a claim in an Amended Complaint. (Docket No. 26 at 9).

Boffoli's Amended Complaint (Docket No. 40) vaguely alludes to Constitutional rights being violated without pointing to specific federal laws, and seeks the same relief as her original Complaint. In her Amended Complaint, Boffoli states that "[t]he petitioner is not requesting a review of her case but rather it should be thrown out entirely and the petitioner allowed a fair hearing in front of an impartial judge as is her constitutional right" and requests that the state court Termination of Parental Rights hearing "be completely thrown out under the complaint that she did not receive a fair hearing in front of an impartial judge, as is her constitutional right through DUE PROCESS." (Docket No. 10 at 13). While no additional claims are brought by Boffoli other than those that were previously dismissed, Boffoli is now seeking a punitive damages award of $500,000. *Id.*

In its Motion to Dismiss Boffoli's Amended Complaint (Docket No. 43), CYS re-asserts the

arguments it raised in its last Motion to Dismiss, and CYS denies that Boffoli can seek punitive damages. *Id.* at 5–10. First, CYS argues that the Court lacks subject matter jurisdiction over Boffoli's claims under *Rooker-Feldman*, because the purpose of her Amended Complaint is to seek the same relief that was previously denied in her Complaint – a new hearing and that the results of the TPR hearing be thrown out. *Id.* at 5–6. CYS also argues that seeking such relief violates the doctrine of *res judicata*. *Id.* at 7. CYS further asserts that it is not a party capable of being sued, that Boffoli has failed to state a *Monell* claim that would create municipal liability, that Boffoli presents neither constitutional nor federal claims, and that Boffoli's claims are moot because her children have already been adopted. *Id.* at 7–10. Finally, CYS argues that Boffoli cannot seek punitive damages because government entities like Defendant are immune from liability for punitive damages. *Id.*

## II. STANDARDS OF REVIEW

### A. Federal Rule of Civil Procedure 12(b)(1)

A motion to dismiss for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) challenges the "court's 'very power to hear the case.'" *Petruska v. Gannon Univ.*, 462 F.3d 294, 302 (3d Cir. 2006) (quoting *Mortensen v. First Fed. Sav. and Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977)). There is a crucial difference between a Rule 12(b)(1) motion that attacks a complaint on its face, and a Rule 12(b)(1) motion that attacks the existence of subject matter jurisdiction in fact – apart from any pleadings. *See Mortensen*, 594 F.2d at 891. With a facial attack, a court must consider the allegations of a complaint as true, as with a motion filed pursuant to Federal Rule of Civil Procedure 12(b)(6), discussed *infra*. *See id.* With a factual attack, however, the Court ordinarily is not required to limit its inquiry to the facts as they are pled in the complaint because a presumption of truth is not attached to the plaintiff's allegations, and the

plaintiff bears the burden of proving that jurisdiction over the subject matter at issue exists. *See id.*; see also *Brown v. Tucci*, 960 F. Supp. 2d 544, 561 (W.D. Pa. 2013) (citing *Dev. Fin. Corp. v. Alpha Housing & Health Care*, 54 F.3d 156, 158 (3d Cir. 1995)).

**B. Federal Rule of Civil Procedure 12(b)(6)**

In considering a Rule 12(b)(6) motion to dismiss, the factual allegations contained in the complaint must be accepted as true and must be construed in the light most favorable to the plaintiff, and the court must "'determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief.'" *Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (quoting *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002)); see *BellAtlantic Corp. v. Twombly*, 550 U.S. 544, 563 n.8 (2007). While Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," the complaint must "'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Phillips*, 515 F.3d at 231 (quoting *Twombly*, 550 U.S. at 555 (additional internal citation omitted)). Moreover, while "this standard does not require 'detailed factual allegations,'" Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (quoting *Twombly*, 550 U.S. at 555); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). It should be further noted, therefore, that in order to survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). The Supreme Court has noted that a "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The standard "'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for

enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." *Phillips*, 515 F.3d at 234 (quoting *Twombly*, 550 U.S. at 556). Moreover, the requirement that a court accept as true all factual allegations does not extend to legal conclusions; thus, a court is "'not bound to accept as true a legal conclusion couched as a factual allegation.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555 (internal citation omitted)).

**III. <u>DISCUSSION</u>**

CYS moves to dismiss the Amended Complaint by contending, among other things, that the Court's jurisdiction over Boffoli's claims is barred by the *Rooker-Feldman* doctrine. See *D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fidelity Tr. Co.*, 263 U.S. 413 (1923). As this Court discussed in its October 28, 2025, Memorandum Opinion, the *Rooker-Feldman* doctrine prevents federal district courts from hearing cases brought by unsuccessful state-court litigants that "invit[e] . . . review and rejection" of the state court judgment. (Docket No. 26 at 5–6); *Great W. Mining & Min. Co. v. Fox Rothschild LLP*, 615 F.3d 159, 164 (3d Cir. 2010). As both the Third Circuit and the Supreme Court have explained, however, the Rooker-Feldman doctrine has narrow applicability. *See Allen v. DeBello*, 861 F.3d 433, 438 (3d Cir. 2017). "Rooker-Feldman does not bar suits that challenge actions or injuries underlying state court decisions—and especially those that predate entry of a state court decision—rather than the decisions themselves." *Id.*

Four requirements must be met for *Rooker-Feldman* to prevent a federal district court from exercising jurisdiction over matters that would otherwise be amenable to its jurisdiction: "'(1) the federal plaintiff lost in state court; (2) the plaintiff complains of injuries caused by the state-court judgments; (3) those judgments were rendered before the federal suit was filed; and (4) the plaintiff is inviting the district court to review and reject the state judgments.'" *Id.* (quoting *Great W. Mining*, 615 F.3d at 166). There are no new allegations in Boffoli's Amended Complaint that

would disturb the Court's previous ruling that all four *Rooker-Feldman* factors are met here. (Docket No. 26 at 9).

Specifically, Boffoli lost in state court, and the order terminating her parental rights was entered before she filed her federal suit, which satisfies the first and third *Rooker-Feldman* prongs: that the plaintiff lost in state court and that judgments were rendered before the federal suit was filed.[1] The second prong is also met because Boffoli uses the Amended Complaint as a platform to continue to complain of injuries caused by the parental rights determination made by the Court of Common Pleas of Allegheny County.[2] Finally, the fourth, and last, *Rooker-Feldman* prong is met here because Boffoli is inviting the district court to review and reject the state judgment. Boffoli does ostensibly allege multiple violations of the Constitution and federal statutes that occurred during her parental rights proceedings. However, as the Court previously found in dismissing the Complaint, Boffoli again clearly raises these purported violations in an attempt to obtain "appellate review of state-court decisions by the district court" by reversing the state court parental rights determination, not to seek independent relief for violations of constitutional and statutory rights. The Third Circuit has consistently held that claims attempting to vacate or relitigate parental rights determinations must be dismissed pursuant to Rooker-Feldman. *See Santos v. Sec'y of D.H.S.*, 532 F. App'x 29, 32 (3d Cir. 2013) ("…[T]o the extent that [plaintiff]

---

[1] Boffoli seeks to challenge the parental rights determination by the Court of Common Pleas of Allegheny County, which was affirmed by the Superior Court on September 29, 2023. Boffoli did not appeal this decision and her record was remitted back to the Superior Court on November 7, 2023, in accordance with Pennsylvania Code after her time to appeal to the PA Supreme Court expired. *See In the Interest of: A.B., a Minor Appeal of: B.B., Mother*, Docket No. 1405 WDA 2022 (Nov. 7, 2023); *In the Interest of: S.B., a Minor Appeal of: B.B., Mother,* Docket No. 1407 WDA 2022 (Nov. 7, 2023); 210 PA. CODE § 2572(a)(2) (2017); 210 PA. CODE § 903(a) (2024). Therefore, Boffoli filed this Complaint after the decision was rendered final in state court.

[2] Boffoli states in her Amended Complaint that the relief she seeks is not "a review of her case but rather [that] it should be thrown out entirely and the petitioner allowed a fair hearing in front of an impartial judge as is her constitutional right." (Docket No. 40 at 1). The basis of her request is the alleged unfairness of the state court TPR hearings, an account of which comprises the majority of her Amended Complaint.

seeks an order granting him custody of his children and reinstating his parental rights, the District Court properly dismissed the complaint pursuant to the *Rooker–Feldman* doctrine."). Boffoli's Amended Complaint unequivocally "focus[es] on the behavior of the lower courts" and seeks to vacate the state court judgment in her Amended Complaint by arguing that her state court case "should be thrown out entirely." (Docket No. 40 at 1-2). Despite being granted leave to amend, Plaintiff has not added averments to state claims independent of a review of the state-court decision, like the examples this Court noted in its Memorandum Opinion (e.g., that she allege a conspiracy under *Calipo*, or that she state legitimate claims for damages).[3] The only apparent addition is an assertion, in which she "request[s] 500,000 in punitive damages." (Docket No. 40 at 12-13). The Court does not reach this nor CYS' other argument because it concludes it lacks jurisdiction to do so. Even by reading Bofffoli's pleading liberally, this Court still considers it as seeking direct review of the state court decision terminating her parental rights. There is no discernable theory of injury underlying Plaintiff's request for punitive (or consequential) damages independent of the state court proceeding which Plaintiff now asks the Court to vacate. Such claims are barred by *Rooker-Feldman* and must be dismissed for lack of subject matter jurisdiction under Rule 12(b)(1).

---

[3] Boffoli only seeks punitive damages against CYS, and under § 1983, a municipal agency like CYS cannot be held liable for the actions of its employees unless she brings a claim under *Monell*, alleging that she suffered a constitutional violation pursuant to an official policy, custom or practice. *Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 691 (1978); *Muhammad v. Cappellini*, No. 3:10-CV-2374, 2011 WL 3034393, at *5 (M.D. Pa. July 25, 2011). Her Amended Complaint is devoid of any such averment so the claim would be dismissed for the alternate and independent reason that her punitive damages claim fails to state a plausible claim for relief. *Balash v. Bank of New York Mellon Tr. Co., Natl. Assn.*, No. 122-CV-01120-BKSDJS, 2023 WL 4420407, at *10 (N.D.N.Y. July 10, 2023) ("[T]he Court, reading Plaintiff's pro se allegations liberally, cannot discern a theory of injury underlying Plaintiff's request for punitive damages involving fraud *independent of* the foreclosure judgment and which does not ask the Court to review that judgment").

**CONCLUSION**

Boffoli's Amended Complaint will be dismissed pursuant to Rule 12(b)(1) in its entirety without prejudice to amendment. An appropriate Order follows.

*s/ W. Scott Hardy*
W. Scott Hardy
United States District Judge

Dated: November 16, 2026

cc/ecf: All counsel of record

Beckie Boffoli (via U.S. Mail)